ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 30 PM 3: 13

CLERK B McCarthy
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ALISON AND ASSOCIATES, INC., individually and on behalf of all persons and entities similarly situated, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 104-181 |
| DARTEK CORPORATION, | * * | |
| Defendant. | * | |

# O R D E R

Defendant has moved to transfer the captioned case to the United States Court of Appeals for the Eleventh Circuit. (Doc. No. 4.) For the following reasons, Defendant's motion to transfer is **GRANTED**.

## I. Background

Plaintiff Alison & Associates, Inc., a marketing and advertising firm located in Augusta, Georgia, filed a lawsuit on June 7, 2004 in the Superior Court of Richmond County, Georgia against Defendant Dartek Corporation, an Internet-based computer store, seeking damages under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §

DHB (39)                                                    CCC:

227(b)(1)(C).¹ (Def.'s Notice of Removal at 1.) In its complaint, Plaintiff alleges that it received two unsolicited faxed advertisements from Defendant in January and February 2004 after one of Plaintiff's employees ordered $85 worth of floppy disks over the Internet from Defendant in January 2004. Defendant removed the case to this Court on November 22, 2004 alleging that federal question jurisdiction had just become "apparent" to Defendant because of an argument made by Plaintiff on October 28, 2004 in opposition to Defendant's motion for summary judgment. (Id. at 3.) Specifically, Defendant claims that Plaintiff's attack on the validity of the Federal Communication Commission's ("FCC") Established Business Relationship ("EBR") rule should be heard in federal court.

After removing the case to this Court, Defendant filed a motion to transfer the case to the United States Court of Appeals for the Eleventh Circuit pursuant to the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. §§ 2341-51.² (Doc. No. 4.) Plaintiff opposed such a transfer

---

¹ Plaintiff's TCPA lawsuit was brought in state court because federal courts lack subject matter jurisdiction over TCPA actions brought by private parties. See 47 U.S.C. 227(b)(3); see also Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287-88 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998).

² This Hobbs Act should not be confused with the other Hobbs Act which deals with racketeering, 18 U.S.C. § 1951. The Administrative Orders Review Act provides that "[a]ny party aggrieved by [an agency's] final order may, within 60 days after its

and filed a motion to remand the case back to the Superior Court of Richmond County, Georgia. (Doc. No. 6.) Shortly before the February 3, 2005 hearing on these motions, the United States, as amicus curiae, filed an appearance and sided with Plaintiff's position on the competing motions. (Doc. No. 16.)

The parties' disagreement over which court should hear Plaintiff's challenge to the EBR rule soon disappeared after the Georgia Supreme Court declined to invalidate the EBR rule on March 14, 2005. See Carnett's, Inc. v. Hammond, 610 S.E.2d 529 (Ga. 2005). Faced with the prospect of unfavorable law in state court, Plaintiff withdrew its motion to remand and joined with Defendant to urge the Court to transfer the case to the Eleventh Circuit. (Doc. No. 25.) The Government, however, continues to oppose the transfer of this case and requests that the Court remand it sua sponte to the Superior Court of Richmond County, Georgia. (Doc. No. 26.)

## II. Analysis

This case presents an interesting question of how the Hobbs Act applies to a challenge initially made in state court to a regulation promulgated under the TCPA. As noted above,

---

entry, file a petition to review the order in the court of appeals wherein venue lies. The action shall be against the United States." 28 U.S.C. § 2344.

Plaintiff made a collateral challenge to the validity of the FCC's EBR rule when Defendant relied upon it in support of its motion for summary judgment in the state court. Plaintiff's strategy of keeping the regulatory challenge in state court placed Defendant in a dilemma. Defendant knew that the Eleventh Circuit was the only court which could hear challenges to the validity of the EBR rule. See FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984). Yet, Defendant did not want to petition the Eleventh Circuit under the Hobbs Act because it does not question the validity of the EBR rule and does not want it overturned. Therefore, Plaintiff's collateral challenge in state court forced Defendant into the "peculiar position" of making arguments on behalf of Plaintiff in order to support removal of the case to this Court in an attempt to have the case transferred to the Eleventh Circuit. (Def.'s Not. of Resp. to Supp. Authority at 2.) The matter became even more "unusual" when Plaintiff changed its litigation strategy and joined Defendant's request to transfer this case to the Eleventh Circuit.[3] (Amicus Resp.

---

[3] I must note that the fact that both Plaintiff and Defendant join in their request to transfer this case does not affect my analysis of the underlying jurisdictional question. The parties cannot manufacture subject matter jurisdiction merely by their consent. See Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) ("It is axiomatic that federal jurisdiction can never be created by the parties. Even though a particular litigant or both litigants in a case may for some reason desire to be in federal court, there is an obligation to admit the lack of jurisdiction where it does not exist." (emphasis in original)).

to Pl.'s Consent to Referral to Court of Appeals at 1.) With this unique procedural background in mind, I now turn to an analysis of the removal and transfer statutes.

28 U.S.C. § 1441 allows the removal of a case from state court to federal court if, among other things, the case could have been filed originally in federal court. Plaintiff's case, however, could not have been filed originally in this court because federal courts lack subject matter jurisdiction over TCPA actions brought by private parties. See note 1 supra. Cognizant of this procedural roadblock, Defendant argues that removal under 28 U.S.C. § 1441 is possible in this case only because 28 U.S.C. § 1631 permits a federal court to transfer cases over which it does not have jurisdiction.[4] In other words, Defendant seeks to have this Court act as a

---

Furthermore, the Government's vigorous arguments as amicus curiae inject into this matter the otherwise-missing "vitality and interest among the parties that our adversary system of justice requires." Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1448 (11th Cir. 1987)(addressing issue of mootness).

[4] Section 1631 provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

conduit through which Plaintiff's challenge to the EBR rule is removed from state court and then directly channeled to the proper court.[5] Under this reading of 28 U.S.C. §§ 1441 and 1631, I should transfer this case to the Eleventh Circuit if Plaintiff's challenge could have been brought originally before the Eleventh Circuit and it is in the interest of justice to do so. Because it is in the "interest of justice" to read these statutes in this way, see Slatick v. Dep't of Labor, 698 F.2d 433, 434 (11th Cir. 1983), I agree with Defendant that Plaintiff's challenge to the EBR rule should be transferred to the Eleventh Circuit if it could have been brought there when Plaintiff first raised it in state court. See Piazza v. Upjohn Co., 570 F. Supp. 5 (M.D. La. 1983)(concluding that 28 U.S.C. § 1631 permits the transfer of a case which had been removed to a court that did not have subject matter jurisdiction).

In its opposition to Defendant's motion to transfer, the Government makes three arguments as to why Plaintiff's challenge could not have been brought originally before the Eleventh Circuit. First, it argues that the Eleventh Circuit

---

[5] While district courts have transferred regulatory challenges to courts of appeals because the district courts did not have jurisdiction over those challenges pursuant to the Hobbs Act, see Carpenter v. Dep't of Transp., 13 F.3d 313, 314 (9th Cir. 1994); Int'l Bhd. of Teamsters v. Dep't of Transp., 932 F.2d 1292, 1297-98 (9th Cir. 1991), the parties have not been able to find any case law espousing this "conduit" theory.

6

lacks jurisdiction over this case because the sixty-day period within which challenges to FCC orders may be brought pursuant to the Hobbs Act elapsed long ago. See 28 U.S.C. § 2344. This time restriction deprives the Eleventh Circuit of jurisdiction over late-filed challenges. See Chem-Haulers, Inc., v. United States, 536 F.2d 610, 613-14 (5th Cir. 1976)("The time provisions of the Hobbs Act are jurisdictional, and may not be altered or enlarged by this court.").

The Government's position that the limitations period expired long ago is questionable because the sixty-day period for challenging the FCC's EBR regulation appears to have been revived by the FCC's subsequent orders.[6] During oral

---

[6] The first order involving the EBR regulation was issued on October 16, 1992. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C.R. 8752 (1992). Then on August 7, 1995, the FCC reaffirmed its EBR rule. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 F.C.C.R. 12,391 (1995). On July 25, 2003, the FCC gutted its EBR regulation. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 68 Fed. Reg. 44,144, 44,167-68 (July 25, 2003)(to be codified at 47 C.F.R pts. 64 & 68). On August 18, 2003, the FCC delayed the effective date of its July 2003 ruling to January 1, 2005. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 16,972 (2003). On September 15, 2004, the FCC further put off the effective date of the July 2003 rule to June 30, 2005. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 19 F.C.C.R. 20,125 (2004). On June 27, 2005, the FCC once again pushed back the July 2003 rule's effective date to January 9, 2006. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2005 WL 1523580 (2005). On Saturday, July 9, 2005, President Bush signed the Junk Fax Protection Act of 2005 into law and essentially codified the EBR rule. Pub. L. No. 109-21, 119 Stat. 359 (2005).

argument, I asked the Government whether the sixty-day period restarted each time the FCC entered an order relating to the EBR. (See Tr. at 38-40.) The Government seemed to agree that material changes to the EBR would reset the limitations period.

The Government's concession on this point appears warranted in light of Functional Music, Inc. v. FCC, 274 F.2d 543 (D.C. Cir. 1958). In that case, the District of Columbia Circuit found jurisdiction, in a proceeding not begun until late 1957, to consider the validity of FCC regulations formulated in 1955. The court explained:

> As applied to rules and regulations, the statutory time limit restricting judicial review of Commission action is applicable only to cut off review directly from the order promulgating a rule. It does not foreclose subsequent examination of a rule where properly brought before this court for review of further Commission action applying it. For unlike ordinary adjudicatory orders, administrative rules and regulations are capable of continuing application; limiting the right of review of the underlying rule would effectively deny many parties ultimately affected by a rule an opportunity to question its validity.

Id. at 546; see also Geller v. FCC, 610 F.2d 973, 978 (D.C. Cir. 1979)(finding jurisdiction to determine whether rules promulgated five years earlier were still in the public interest). Because Plaintiff's challenge to the validity of the EBR rule occurred within sixty days of an FCC order dealing with the applicability of the EBR rule, the

Government's first argument against transfer is misplaced.[7]

The Government's second argument against transferring this case is that the parties lack standing to file a Hobbs Act action because neither plaintiff nor defendant allege that they participated in any FCC proceeding regarding the EBR defense; hence, neither is an "aggrieved" party for purposes of the Hobbs Act. See Alabama Power Co. v. FCC, 311 F.3d 1357, 1366 (11th Cir. 2002)("A 'party aggrieved' is one who participated in the agency proceeding."). The Fifth Circuit has found that "[a]n exception to this rule exists, however. A person may appeal agency action even if petitioner was not a party to the original agency proceeding 'if the agency action is attacked as exceeding the power of the Commission.'" Wales Transportation, Inc . v. ICC, 728 F.2d 774, 776 n.1 (5th Cir. 1984)(quoting American Truckers Ass'ns, Inc. v. ICC, 673 F.2d 82, 85 n.4 (5th Cir. 1982)). I conclude that the Wales exception should apply to this case.[8]

---

[7] Even if the challenge to the EBR rule is outside of the sixty-day limitations period, there is an exception to this jurisdictional bar for "indirect challenges to a rule brought when the rule is applied to a particular individual." Commonwealth Edison Co. v. U.S. Nuclear Regulatory Comm'n, 830 F.2d 610, 614 (7th Cir. 1987). In the present case, Plaintiff raised an indirect challenge to the EBR rule when Defendant sought to have the rule applied to it. Thus, this exception provides an alternative basis for overcoming the Government's argument on the limitations period.

[8] While the Eleventh Circuit in Alabama Power cited Erie-Niagara Rail Steering Committee v. Surface Transp. Bd., 167 F.3d 111, 111-12 (2d Cir. 1999), and In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 799 F.2d 317, 334 (7th Cir. 1986), which criticize

9

The Government's final argument against transferring this case is that the Eleventh Circuit does not have jurisdiction over this dispute because neither party has filed a petition for review of the FCC order adopting the EBR. See In re GTE Serv. Corp., 762 F.2d 1024, 1026 (D.C. Cir. 1985) ("It is beyond dispute that a court does not have jurisdiction to review an agency order unless a petition for review of the order has been filed in that court."). The Eleventh Circuit, however, may conclude that the parties' pleadings in this case are the "functional equivalent of a timely petition for review." Moore v. United States Dep't of Transp., 3 Fed. Appx. 508, 513 (7th Cir. 2001)(citing Smith v. Barry, 502 U.S. 244, 248 (1992));[9] see also Ruggiero v. FCC, 278 F.3d 1323, 1327 (D.C. Cir. 2002), rev'd en banc on other grounds, 317 F.3d 239 (D.C. Cir. 2003). Because it appears that Defendant has a good argument as to why the pleadings in this case should be considered a timely petition for review, I reject the Government's last argument as to why this case should not be transferred.

---

Wales Transportation, the Eleventh Circuit has not addressed this exception.

[9] Similar to this case, the district court in Moore determined that it did not have jurisdiction over the plaintiff's challenge to a federal regulation and transferred the case to the Seventh Circuit even though the plaintiff had not filed a petition for review with the Seventh Circuit. Moore, 3 Fed. Appx. at 513.

### III. Conclusion

District courts have far fewer opportunities to decide whether a Court of Appeals has jurisdiction to hear a case than the Courts of Appeals have to determine whether a lower court had jurisdiction over a case. With this fact in mind, I asked the Government during oral argument why I should not let the Eleventh Circuit decide for itself whether it has jurisdiction over this dispute. The Government responded by noting that lower courts should let appellate courts determine their own jurisdiction in "close" cases. (See Tr. at 18.) As the foregoing discussion demonstrates, this is a close case. The interest of justice would be better served by granting Defendant's motion than denying it.[10]

Upon the foregoing, Defendant's motion to transfer (doc. no. 4) is **GRANTED**. The Clerk is directed to transfer this case to the United States Court of Appeals for the Eleventh Circuit.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[10] As a practical matter, the Eleventh Circuit would probably have to decide this jurisdictional dispute anyway because the Eleventh Circuit would "have the opportunity to review the issue [of transfer] on direct appeal from a final order of this Court, should an appeal be filed." (Amicus Not. of Supp. Auth. at 5.)

11

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

JAY D. BROWNSTEIN ✓
KEVIN S. LITTLE ✓
DAVID E. HUDSON ✓
DAVIS A. DUNAWAY ✓
TARA RICE SIMKINS ✓
KENNETH D. CROWDER ✓
JEREMIAH D. GOULKA ✓

ALSO SERVED A CERTIFIED COPY OF
THIS ORDER AND DOCKET ENTRIES TO:
CLERK, U.S. COURT OF APPEALS ✓
ELEVENTH CIRCUIT
56 FORSYTH ST., NW
ATLANTA, GA 30303

CASE NO: CV 104-181
DATE SERVED: 09/30/05
SERVED BY: J.A. HOWELL, III

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate